**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NAVA NOLES**<br>112 Overleaf Drive<br>Thorndale, PA 19372<br><br>*Plaintiff,*<br><br>vs.<br><br>**SATANOFF INSURANCE & FINANCIAL SERVICES AGENCY LLC**<br>1008 Upper Gulph Road, Ste. 100<br>Wayne, PA 19087<br><br>*Defendant.* | CIVIL ACTION<br><br>CASE NO.: ________________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Nava Noles (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Satanoff Insurance & Financial Services Agency LLC (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA")[1]. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant

---

[1] Plaintiff's claims under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII. Plaintiff's PHRA claim however will mirror identically her federal claims under Title VII.

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Satanoff Insurance & Financial Servies Agency LLC is an insurance and financial services provider in the Philadelphia and New Jersey area.

9. At all times relevant herein, Defendant acted through its agents, servants and

employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a Black (African American) female.

12. Plaintiff was hired by Defendant on or around January 19, 2026 as a Senior Commercial Lines Account Manager.

13. Plaintiff had approximately 30 years of experience prior to being hired by Defendant.

14. In her position, Plaintiff was responsible for day-to-day service of high-value commercial line clients, something she had significant experience in prior to her hire.

15. Plaintiff was primarily supervised by Commercial Team Lead, Brooke Fritz (Caucasian, *hereinafter* "Fritz") and indirectly supervised by Owner and Chief Executive Officer Lee Satanoff (Caucasian, *hereinafter* "Satanoff").

16. While employed with Defendant, Plaintiff was the only Black manager and upon information and belief, the only Black employee within Defendant[2].

17. Throughout her employment with Defendant, Plaintiff was a hardworking and dedicated employee that performed her job well.

18. In fact, Plaintiff received a performance review on April 7, 2026, and was given a score of 4.63/5.00, representing "Outstanding Performance", by Chief Operating Officer Rebecca

[2] Defendant depicts their employees on their public website via caricature drawings. None of the listed/depicted employees appear to be Black or African-American. *See* https://satanoffagency.com/about-our-agency/meet-our-team/ (last visited October 28, 2026).

Ricciardi (Caucasian, *hereinafter* "Ricciardi").

19. While employed with Defendant, Plaintiff worked frequently with Cary Borish (*hereinafter* "C-Borish"), a client of Defendant.

20. Plaintiff spoke with C-Borish frequently over the telephone and Plaintiff felt as though her telephone interactions with C-Borish (where he could not see her and she could not see him) were cordial, pleasant, and C-Borish was friendly.

21. On or about June 2, 2026, Plaintiff attended a Microsoft Teams Meeting (via video) with C-Borish. This was the first time C-Borish saw Plaintiff visually (and therefore the first time he became aware of her race).

22. Immediately upon Plaintiff turning on her computer camera, C-Borish became withdrawn.

23. Throughout their conversation, C-Borish acted surprised, curt, and reserved with Plaintiff, rather than his typical friendly interactions with Plaintiff when they spoke over the phone.

24. Just five days after their June 2, 2026 video meeting, Defendant received a Broker of Record letter from C. Borish, indicating that Defendant was no longer C-Borish's insurance provider and that a different provider was being utilized.

25. A Broker of Record letter indicates that a new insurance broker of record has been appointed to a specific client. Additionally, it means that Defendant no longer provides said client with insurance.

26. Therefore, within five days of Plaintiff and C-Borish's video meeting, C-Borish chose to cancel Defendant's services, received a quote from a different insurance broker, and entered into a different contract for insurance services.

27. Plaintiff was shocked by this revelation and C-Borish's remarkably fast turnaround.

She discussed both the strange tonal shift and immediacy in which C-Borish separated from Defendant with friends and coworkers.

28. Plaintiff discovered that C-Borish and his brother Jon Borish *(hereinafter* "J-Borish") were owners and executives of the Philadelphia restaurant "Marathon Grill".

29. In 2017, Marathon Grill was involved in a controversy in which J-Borish was alleged to have shouted "we don't serve your kind here" at a Black Muslim woman who was a local radio host.

30. This information, coupled with C-Borish's erratic behavior and the speed in which he changed insurance providers after discovering that Plaintiff was a Black woman, led her to believe that C-Borish racially discriminated against her and ended his relationship with Defendant because of her race.

31. Plaintiff approached Santanoff after receiving the June 9, 2026 letter from C-Borish and explained that she felt C-Borish ended his services with Defendant because of her race.

32. Rather than engage in any sort of dialogue or follow-up, Santanoff merely grimaced, rolled his eyes, and offered Plaintiff empty platitudes, stating, "Don't say that."

33. The next day, Plaintiff was given a second performance review of 4.08/5.00, representing "Exceeds Expectations," again by Ricciardi. This was Plaintiff's second overwhelmingly positive performance review in just three months with Defendant.

34. Ricciardi's specific Overall Review stated: "Performance frequently exceeds job requirements. Accomplishments are regularly above expected levels. Performance is sustained and uniformly high with thorough and on-time results."

35. However, despite these stellar performance reviews and wealth of experience, Plaintiff was abruptly un-invited to a June 11, 2026 face-to-face client meeting by Satanoff. A far

less experienced non-Black intern was taken in Plaintiff's place. This intern did not have his insurance license and did not have any insurance background.

36. It is clear that Satanoff was attempting to exclude his only Black employee from face-to-face client meetings because he understood he was beginning to lose business as a result of Plaintiff's race (as he had with C-Borish).

37. This prompted Plaintiff to voice a second complaint of racial discrimination to Fritz, where Plaintiff explained the circumstances surrounding her first face-to-face meeting with C-Borish on June 9, 2026, her complaint of racism to Satanoff thereafter, and her subsequent removal from the June 11, 2026 meeting.

38. Plaintiff explained to Fritz that she believed she was being discriminated against because of her race and complaints of race discrimination by C-Borish.

39. On or around June 25, 2026, only eleven days following her secondary positive performance review, Defendant placed Plaintiff on a Performance Improvement Plan due to allegedly unsatisfactory performance.

40. Plaintiff was shocked by this PIP, as she had received nothing but well-documented praise from Defendant for the entirety of her tenure.

41. On or around July 2, 2026, Plaintiff was again uninvited to a face-to-face client meeting and Satanoff again took the same far less experienced non-Black intern to the meeting in place of her.

42. Plaintiff attempted to clarify Satanoff's reasoning for once again removing her from a face-to-face client meeting, but Satanoff refused to have any sort of meaningful dialogue with Plaintiff.

43. Plaintiff was abruptly terminated on or around July 16, 2026, just fifteen business

days after being placed on a PIP, demonstrating no real attempt to retain Plaintiff, as the PIP had not even been completed in full and Defendant gave Plaintiff no meaningful opportunity to improve their falsely alleged performance issues.

44. During her final meeting, Plaintiff was offered no explanation for her termination by Defendant's management.

45. Thus, Plaintiff believes and therefore avers that she was subjected to discrimination, retaliation, a retaliatory hostile work environment, and ultimately terminated because of her race and her objections to/complaints of race discrimination.

46. Plaintiff also believes and therefore avers that her race and her complaints of/objections to race discrimination were motivating and/or determinative factors in the termination of her employment by Defendant.

**COUNT I**
**<u>Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")</u>**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. During Plaintiff's employment with Defendant, she was subjected to discrimination, retaliation, pretextual discipline in the form of a feigned PIP just days after her complaints of discrimination, and a retaliatory hostile work environment through disparate treatment as outlined *supra* because of her race and complaints of race discrimination.

49. Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendant's management, but her concerns were ignored.

50. Plaintiff was then terminated for completely pretextual reasons on or about July 16,

2026.

51. Plaintiff believes and therefore avers that she was subjected to discrimination, a retaliatory hostile work environment, retaliation, and ultimately terminated because of her race and her objections to/complaints of race discrimination.

52. Plaintiff also believes and therefore avers that her race was a motivating and/or determinative factor in the termination of her employment from Defendant.

53. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII..

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. During Plaintiff's employment with Defendant, she was subjected to discrimination, retaliation, pretextual discipline, and a hostile work environment through disparate treatment as outlined *supra* because of her race.

56. Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendant's management, but her concerns were ignored.

57. Plaintiff was then terminated for completely pretextual reasons on or about July 16, 2026.

58. Plaintiff believes and therefore avers that she was subjected to discrimination, a hostile work environment, retaliation, and ultimately terminated because of her race and her objections to/complaints of race discrimination.

59. Plaintiff also believes and therefore avers that but for her race and her objections to/complaint of race discrimination, she would not have been terminated from her employment by Defendant.

60. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
Allison A. Barker, Esq. (326837)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com
abarker@karpf-law.com

Dated: November 9, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Nava Noles | : | CIVIL ACTION |
| v. | : | |
| | : | |
| Satanoff Insurance & Financial Services Agency LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 11/9/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NOLES, NAVA

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

SATANOFF INSURANCE & FINANCIAL SERVICES AGENCY LLC

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - mployment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(*Do not cite jurisdictional statutes unless diversity*)**:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 11/9/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______